IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROY ALLEN CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:22-cv-00247 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| TENNESSEE DEP'T OF CHILDREN'S ) | |
| SERVICES, et al., ) | |
| ) | |
| Defendants. | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's "Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Be Issued." (Doc. No. 5, "Motion"). For the reasons discussed below, the Motion will be denied.

### **BACKGROUND**[1]

In Plaintiff's Motion, he does not provide any background information, so the Court will rely on information from the Complaint (Doc. No. 1). Plaintiff is the "natural and legal father of two minor children." (*Id.* at 4). Around October 19, 2019, the Tennessee Department of Children's Services ("TNDCS") began investigating Plaintiff and his children. (*Id.* at 8). On October 22, 2019, TNDCS filed a Petition for Removal as to Plaintiff's two children, which was granted. (*Id.* at 9). Plaintiff's children were placed into the protective custody of TNDCS, and they are now in the temporary custody of a foster parent. (*Id.* at 11, 15). Since October 2019, Plaintiff has participated in various legal proceedings in an effort to regain custody of the two children. (*Id.* at 15-20). As a

---

[1] The Court includes this information only to provide context to Plaintiff's Motion. The Court does not intend to suggest that any of the alleged facts are true or accurate.

result of these alleged facts, Plaintiff has filed the present civil action *pro se*, alleging violations of the 4th and 14th Amendment, as well as intentional infliction of emotional distress. (*Id.* at 27-35).

Through the present Motion, Plaintiff now seeks a TRO "restraining and enjoining Defendants from pursuing any further administrative and/or judicial proceedings" related to Plaintiff's parental rights; "[r]equiring Defendants and any person hosting or otherwise controlling any internet content, server, or website that contains private information regarding Plaintiffs [] children" to remove said information; and "[r]estraining and enjoining Defendants . . . from destroying or concealing documents." (Doc. No. 5 at 3-4).

## STANDARD

Temporary restraining orders ("TRO") and preliminary injunctions are considered preventive, prohibitory, or protective measures taken pending resolution on the merits, *see Clemons v. Board of Educ. of Hillsboro, Ohio*, 228 F.2d 853, 856 (6th Cir. 1956), and are considered extraordinary relief. *See Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). A TRO should be granted only if the movant carries his burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington–Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The court must consider and balance four factors in determining whether to afford such relief: (1) the likelihood of the plaintiff's success on the merits; (2) whether the plaintiff will suffer irreparable injury without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the injunction's impact on the public interest. *Nat'l Viatical, Inc. v. Universal Settlements, Int'l, Inc.*, 716 F.3d 952, 956 (6th Cir. 2013). As the Sixth Circuit has described this test (in the context of a motion for a preliminary injunction):

> Courts sometimes describe this inquiry as a balancing test. *See, e.g.*, *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007); *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir. 1992). And that's true, to an extent; district courts weigh the strength of the four factors against one another. But even the strongest showing on the other three factors cannot "eliminate the irreparable harm requirement." *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982). That factor is indispensable: If the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief *now* as opposed to at the end of the lawsuit. *See id.* at 103; *see also* Wright et al., *supra*, § 2948.1 (Irreparable injury is "[p]erhaps the single most important prerequisite for the issuance of a preliminary injunction[.]"). That's why this circuit has held that a district court abuses its discretion "when it grants a preliminary injunction without making specific findings of irreparable injury[.]" *Friendship Materials*, 679 F.2d at 105. Thus, although the *extent* of an injury may be balanced against other factors, the *existence* of an irreparable injury is mandatory.

*D.T. v. Sumner Cty. Sch.*, 942 F.3d 324, 326–27 (6th Cir. 2019).

This means (among other things) that although courts sometimes state that these four factors are "factors to be balanced, not prerequisites that must be met," *Michael v. Futhey*, 2009 WL 4981688, at *17 (6th Cir. Dec. 22, 2009) (quoting *Six Clinic Holding Corp., II v. Cafcomp Systems*, 119 F.3d 393, 400 (6th Cir. 1997), this statement is inexact. As plainly indicated in *Sumner Cty. Schools*, the third factor, irreparable injury, actually *is* a prerequisite. Indeed, "[t]he demonstration of some irreparable injury is a *sine qua non* for issuance of an injunction." *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002). Furthermore, the first factor in many cases is not far from effectively being a prerequisite, inasmuch as "[a] finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzalez v. Nat'l Bd. of Medical Exam'rs*, 225 F. 3d 620, 625 (6th Cir. 2000).

When determining whether to issue a TRO, a threat of an *immediate*, irreparable harm must be present. Fed. R. Civ. P. 65(b)(1)(A) (requiring a court to examine, on application for a TRO, whether "specific facts in an affidavit or a verified complaint clearly show that *immediate* and irreparable injury, loss, or damage will result to the movant") (emphasis added); *see also*

*Appliancesmart, Inc. v. Dematteo*, No. 2:18-CV-1729, 2018 WL 6727094, at *2 (S.D. Ohio Dec. 21, 2018) ("[A]lthough some courts would examine the four factors required for issuance of a preliminary injunction, a focus on the irreparability and immediacy of harm is all that is required." (internal quotation marks and citation omitted)); *Hacker v. Fed. Bureau of Prisons*, 450 F. Supp. 2d 705, 710 (E.D. Mich. 2006) ("A temporary restraining order is an extraordinary remedy that generally is reserved for emergent situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice itself may precipitate the harm."). In sum, a TRO may be issued only where the harm to plaintiffs is both irreparable *and* immediate.

## ANALYSIS

In his Motion, Plaintiff has not addressed any of the four factors (one of which actually is a prerequisite for a TRO), nor made any showing that he is entitled to a TRO. Plaintiff's motion includes bare assertions that "Defendants are engaged in ongoing violations of due process [and] equal protection under law," and that Defendants "are currently acting with malice and retaliation against [him]" but provides no support for these allegations. (Doc. No. 5 at 3). Additionally, Defendant has not alleged any irreparable and immediate harm that he would suffer without a TRO, nor could the Court find any evidence of such upon its review.

In short, Plaintiff has failed to allege any facts that could justify the Court's granting of a TRO, which, as noted above, is "an extraordinary remedy." *Hacker*, 450 F. Supp. 2d at 710.

## CONCLUSION

For the aforementioned reasons, Plaintiff's Motion for a temporary restraining order is **DENIED**.[2]

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's request for an "Order [for Defendants] to Show Cause Why a Preliminary Injunction Should Not be Issued" (Doc. No. 5 at 2), is also denied. It is not the burden of Defendants to show why a preliminary injunction should *not* be issued, but rather it is the burden of Plaintiff to show why his request for a preliminary injunction *should* be granted. *See Kentucky v. U.S. ex rel. Hagel*, 759 F.3d 588, 600 (6th Cir. 2014) ("The party seeking a preliminary injunction bears a burden of justifying such relief, including showing irreparable harm and likelihood of success.") (quoting *Michigan Catholic Conf. & Catholic Family Servs. v. Burwell*, 755 F.3d 372, 382 (6th Cir. 2014)).