IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROY ALLEN CARTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:22-cv-00247 ) JUDGE RICHARDSON ) |
| TENNESSEE DEPARTMENT OF CHILDREN'S SERVICES, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are five motions to dismiss. (Doc. Nos. 55, 63, 65, 71, 74). Plaintiff, who is proceeding *pro se*, opposes all five motions to dismiss. (Doc. Nos. 83, 85, 87, 88, 90)[1]. The issue of *Younger* abstention is directly raised only in the motion to dismiss at Doc. No. 74 (and its accompanying memorandum in support, Doc. No. 75) and is based on the related ongoing state proceedings in Cannon County Juvenile Court. As discussed below, the Court agrees that *Younger* abstention is warranted and that a stay of this action is therefore appropriate. Thus, the motion to dismiss at Doc. No. 74 is granted to the extent it requests that the Court stay these proceedings based on the applicability of *Younger* abstention.

The remainder of the motion to dismiss at Doc. No. 74 is denied without prejudice subject to refiling at the resolution of the related state proceedings. The motions to dismiss at Doc. Nos. 55, 63, 65, and 71 shall be administratively terminated subject to refiling if appropriate.

---

[1] Plaintiff appears to have filed several oppositions to the joint motion to dismiss (filed by five of the 11 Defendants, who dub themselves the "State Defendants") filed at Doc. No. 74, dividing among these several filings his respective responses to particular arguments made by Defendants in Doc. No. 75. Plaintiff's response to State Defendants' *Younger*-abstention argument is contained in Doc. No. 97.

This action is hereby stayed pending the resolution of the related state-court proceedings. The case file will be administratively closed[2], and the parties shall notify the Court upon the resolution of the state-court proceedings, at which point the case may be re-opened if appropriate.

BACKGROUND[3]

This case arises out of the investigation by Tennessee Department of Children's Services ("DCS") into the treatment of Plaintiff's children. (Doc. No. 1 at 9–10). The investigation led to the removal of Plaintiff's children into state custody pursuant to DCS's Petition for Removal, which cited nutritional neglect, drug use, and domestic violence on the part of Plaintiff. (*Id.* at 9).

Plaintiff filed suit against DCS, DCS employees, and the foster mother for his children (collectively, "State Defendants"). (*Id.*). The remaining defendants include the guardian ad litem for his children, three lawyers who were appointed to represent him during the underlying Juvenile Court dependency-and-neglect and termination-of-parental-rights proceedings, the Juvenile Court judge assigned to preside over the underlying proceedings, and the Cannon County Juvenile Court itself. (*Id.*). Plaintiff asserts claims under 42 U.S.C. § 1983, alleging several constitutional violations in connection with the investigation and underlying state-court proceedings.

As discussed further below, there is at least one ongoing state-court proceeding related to the DCS investigation and adjudication of Plaintiff's parental rights.[4] The Court takes judicial

---

[2] "Administrative closings comprise a familiar way in which courts remove cases from their active files without final adjudication." *See Donahue's Personal Care v. Pennsylvania*, No. 11-1572, 2012 WL 4926366, at *3 n.6 (W.D. Penn. Oct. 16, 2012). "Administrative closure is a docket control device used by the Court for statistical purposes, and it does not prejudice the rights of the parties." *See id.*

[3] Any facts taken from Plaintiff's complaint at Doc. No. 1 are taken as true for the purposes resolving the five pending motions to dismiss.

[4] Plaintiff implies at several points in his complaint that the underlying state-court proceedings are ongoing. (Doc. No. 1 at 9–10, 12, 19–20). While perhaps the Court could accept that implication as true for present purposes, the Court in any event can take judicial notice of this fact. *See Youkelsone v. F.D.I.C.*, 910 F. Supp. 2d 213 (D.D.C. 2012) (explaining that "a court may take judicial notice of . . . other facts that are

notice of the fact that the proceedings in the Cannon County Juvenile Court on these issues are ongoing. Although the record is not clear as to whether there are also ongoing proceedings in the Cannon County Circuit Court, the Court need not resolve this ambiguity for the purposes of determining whether *Younger* abstention applies.

State Defendants raise the issue of *Younger* abstention in their memorandum in support of their joint motion to dismiss. (Doc. No. 75). Defendants Cannon County Juvenile Court and Judge Melton also indirectly raise the issue of *Younger* abstention in their motion to dismiss, in which they point out that there are pending state-court proceedings, and that Plaintiff's allegations in the federal lawsuit arise from the same basis as the facts underlying the state-court proceedings.[5] (Doc. No. 55 at 4). For the reasons discussed below, the Court agrees that *Younger* abstention is appropriate in this case.

## LEGAL STANDARD

As the undersigned as observed on at least one prior occasion, there is some disagreement among courts as to whether a request for dismissal based on the application of *Younger* abstention is brought more appropriately under Rule 12(b)(1) or under Rule 12(b)(6). *Cooper v. Rapp*, No. 2:16-CV-00163, 2016 WL 7337521, at *5 n.6 (S.D. Ohio Dec. 19, 2016), *aff'd*, 702 F. App'x 328 (6th Cir. 2017). As far as the undersigned has been able to determine, neither the Supreme Court

---

verifiable with certainty."). The Court has verified that the underlying state-court proceedings in the Cannon County Juvenile Court are ongoing. The library of the Sixth Circuit Court of Appeals communicated with the Cannon County Circuit Court to confirm this fact. The Court acknowledges that the Cannon County Circuit Court is a party to this litigation. The Cannon County Circuit Court is, however, a state government institution, and is the exclusive holder of this information. It provided the information its capacity as a governmental entity providing publicly available information, as it is required to do.

[5] The Court notes that the motion to dismiss at Doc. No. 55 filed by Defendants Cannon County Juvenile Court and Judge Melton fails to comply with this Court's local rules because it is unaccompanied by a separately filed memorandum as required by Local Rule 7.01(a)(2). The Court must admonish the parties and counsel to comply with this rule in the future.

nor the Sixth Circuit has spoken definitely on this issue. The Court need not belabor the point, but it does note that there are arguments to be made in support of either approach. Ultimately, the Court concludes that a motion to dismiss grounded on *Younger* abstention is more appropriately grounded in Rule 12(b)(1) than Rule 12(b)(6). This is because such a dismissal plainly is one that is not on the merits,[6] and a dismissal under Rule 12(b)(6) generally is a dismissal on the merits while a dismissal under Rule 12(b)(1) is not. *See Rogers v. Stratton Indus., Inc.,* 798 F.2d 913, 916 (6th Cir. 1986) ("Normally, Rule 12(b)(6) judgments are dismissals on the merits and Rule 12(b)(1) dismissals are not."). Put differently, a court that dismisses a case based on *Younger* abstention has not dismissed under Rule 12(b)(6), because it has not dismissed on the merits. *Wilkins v. Jakeway*, 183 F.3d 528, 533 (6th Cir. 1999) ("Despite what the court said about deciding the matter as a decision on the merits under 12(b)(6), what the court did was to effectively decline to reach the merits of Plaintiff's claims as to the individual Defendants."). Thus, "this Court will consider Defendants' argument for dismissal based on *Younger* abstention as an argument for dismissal under Rule 12(b)(1)." *Cooper*, 2016 WL 7337521, at *5 n.6.

Rule 12(b)(1) "provides for the dismissal of an action for lack of subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). "Subject matter jurisdiction is always a threshold determination." *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007).

There are two types of motions to dismiss for lack of subject-matter jurisdiction: facial and factual attacks. *Gentek Bldg. Products, Inc. v. Sherman-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack challenges merely the sufficiency of the pleading. When reviewing a facial

---

[6] This is clear from, among other things, the fact that (as discussed below) the usual procedure where *Younger* abstention is applicable is to stay the (federal) case; obviously, if the applicability of *Younger* generally warrants only a mere stay, it hardly can be said to indicate an adjudication on the merits.

attack, a district court takes the allegations in the complaint as true. *Id.* If those allegations establish cognizable federal subject-matter jurisdiction, jurisdiction exists. *Id.* A factual attack instead raises a factual controversy concerning whether subject-matter jurisdiction exists. *Id.*

State Defendants bring a facial attack. That is, they rely solely on the allegations of the complaint itself to challenge the appropriateness of this Court's exercise of subject-matter jurisdiction, arguing from the face of the complaint itself that *Younger* abstention is applicable such that the Court should not exercise jurisdiction. (Doc. No. 75 at 10). The Court therefore takes the allegations in the complaint as true.

DISCUSSION

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court "held that absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989) (citing *Younger*, 401 U.S. at 43–44). The underlying concern of *Younger* is the "threat to our federal system posed by displacement of state courts by those of the National Government." *Moore v. Sims*, 442 U.S. 415, 423 (1979). Expressing this concern slightly differently, the Sixth Circuit has stated that "*Younger* abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity. *Doe v. Univ. of Kentucky*, 860 F.3d 365, 368 (6th Cir. 2017). Accordingly, when it does apply, "*Younger* abstention requires the federal court to defer to the state proceeding." *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006).

While *Younger* was originally designed to apply to state-court criminal proceedings, over the years, the Supreme Court has extended the doctrine to the quasi-criminal and even some strictly civil contexts. For example, in *Moore v. Sims*, the Court recognized that the principles of *Younger*

apply not only in the criminal context, but also with equal force when there is a pending state court civil proceeding "in which important state interests are involved." *See Moore*, 442 U.S. at 423. The Court went on to explain that where the state is a party to a "temporary removal of a child in a child-abuse context," the requirement of an important state interest is met, and therefore *Younger* abstention may apply. *See id.*

*Younger* abstention is applicable where three requirements are satisfied: "(1) there must be [related] on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges."[7] *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (quoting *Sun Refining & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990)). State Defendants argue that all three requirements are satisfied. On the other hand, Plaintiff disputes the fulfilment of each one of the three requirements. The Court addresses each *Younger* requirement in turn.

1. **Related On-Going State Judicial Proceedings**

The parties disagree as to exactly what state-court proceedings are ongoing and what the current status of those proceedings is. State Defendants argue that the Juvenile Court proceedings are ongoing and should serve as the basis for the Court's invocation of *Younger* abstention. (Doc. No. 75 at 11). Defendants Cannon County Juvenile Court and Judge Melton similarly explain that Plaintiff is currently a party "in the continuation upon removal of the action from the Juvenile Court of Cannon County to the Circuit Court of Cannon County…." (Doc. No. 55 at 4). In his response to the State Defendants' joint motion to dismiss, Plaintiff suggests that the Juvenile Court

---

[7] Although the Court has not found case law specifically so stating, it seems that the requisite "ongoing state judicial proceedings" must be proceedings that are somehow at least *potentially implicated by the federal lawsuit*. Only "ongoing state proceedings" fitting this description would raise the concerns that *Younger* is intended to address.

proceedings and the Cannon County Circuit Court proceedings are entirely distinct. (Doc. No. 97). He alleges that the Juvenile Court proceedings are "complete" and that there are no further actions scheduled, but that he has not received a verdict and thus cannot appeal. (*Id.* at 13–14). As to the Circuit Court proceedings, Plaintiff contends that the proceedings in that court do not overlap with the subject matter of this federal lawsuit. (*Id.*).

Regardless of whether the Circuit Court proceedings are related to this federal action and are ongoing, the Court finds that the Juvenile Court proceedings are related to this action and are ongoing for the purposes of *Younger* abstention.[8] Indeed, several courts have found that state-court proceedings are considered ongoing for the purposes of *Younger* abstention until a litigant has "exhausted all his state appellate remedies." *See Moncier v. Jones*, 803 F. Supp. 2d 815, 833 (E.D. Tenn. 2011) (internal quotation marks omitted); *Williams v. Lubin*, 516 F. Supp. 2d 535, 539 (D. Md. 2007) ("[A] state proceeding is ongoing for purposes of *Younger* until state appellate review is completed.").[9] Because Plaintiff has yet to receive a judgment in the Juvenile Court proceedings,

---

[8] In determining whether *Younger* abstention applies under Rule 12(b)(1) pursuant to a facial attack, the Court is limited to relying on the facts alleged by Plaintiff in the complaint and those facts that are judicially noticeable in determining the existence and nature of the ongoing state proceedings. True, there are other circumstances in which courts may consider facts that are not contained in the complaint in resolving a motion to dismiss, but those circumstances are not relevant here. Based on the facts alleged in the complaint and those judicially noticeable, the Court is unable to determine the relationship between the proceedings in the Cannon County Circuit Court and those in the Cannon County Juvenile Court. As discussed, however, because the Court can determine that proceedings in the Juvenile Court relate to the removal of Plaintiff's children and adjudication of his parental rights, and are ongoing for *Younger* purposes, the Court need not ferret out the exact posture and nature of the proceedings in the Cannon County Circuit Court.

[9] The Court acknowledges that some courts consider state-court proceedings ongoing for the purposes of *Younger* abstention only up until final judgment has been entered for the purposes of appellate review. *See Page v. King*, 932 F.3d 898, 902 (9th Cir. 2019). Although the Court believes that the better standard is that proceedings are ongoing until all appellate remedies are exhausted, it need not decide this issue here. Because Plaintiff alleges that a verdict has yet to be entered in the Juvenile Court proceeding, final judgment has yet to be entered, and therefore under either standard, the proceedings are ongoing for purposes of *Younger*.

and therefore has yet to appeal any judgment, the proceedings are considered ongoing for *Younger* abstention purposes.

   2. **Implication of an Important State Interest**

The Court must next determine whether the state-court proceedings implicate an important state interest. As discussed above, the Supreme Court has dictated that the court consider, in determining whether to extend *Younger* to the context involved in a particular civil proceeding, whether the civil proceeding implicates an important state interest. *Moore* establishes that civil proceedings involving potential removal of a child from parental custody implicate an important state interest. *See Moore*, 442 U.S. at 423. Several cases post-dating *Moore* have found that civil proceedings involving family law and adjudicating parental rights likewise implicate important state interests for the purposes of *Younger* abstention. *See e.g.*, *McDaniels v. New Jersey Div. of Youth and Family Services*, 144 F. App'x 213, 215 (3d Cir. 2005) (finding that New Jersey "has a substantial interest in fair administration of child custody and parental rights proceedings."); *P. Edward A. By and Through Nolan v. Williams*, 696 F. Supp. 1432, 1436–1437 (D. Utah 1988) (explaining that state-court proceedings involving questions to be resolved under "family law principles" implicate important state interests). Therefore, the Court has little trouble concluding that the ongoing proceedings in the Juvenile Court regarding the removal of Plaintiff's children and the related adjudication of his parental rights involve interests important to the state of Tennessee for *Younger* purposes.

In his response, Plaintiff contends that the state-interest requirement is not fulfilled, because the state interests in this case are "fraudulent." (Doc. No. 97 at 14). There are several exceptions to *Younger* abstention. *See American Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 335–336 (6th Cir. 2007). And while the exceptions are not designed

specifically to attack the state-interest prong of *Younger*—*i.e.*, undermine an otherwise valid finding that the state has an important interest—a sufficient showing that an exception applies does work to displace the application of *Younger* abstention as a whole. For example, if a plaintiff can show that the state proceedings were undertaken in "bad faith" or with the purpose of "harassment," *Younger* does not apply. *See id.* It is not sufficient, however, to merely allege fraud or bad faith; a plaintiff must make a showing of such, and Plaintiff has not done so here. *See Squire v. Coughlan*, 469 F.3d 551, 557 (6th Cir. 2006) (explaining that the plaintiff had made no showing that *Younger* exception of bad faith applied, and therefore district court appropriately denied requested injunctive relief). His claim that the state interest in the ongoing proceedings is "fraudulent" therefore fails.

   3. **Whether Plaintiff Has Adequate Opportunity to Raise his Constitutional Claims in the Related Ongoing State-Court Proceedings**

Finally, the Court must determine whether Plaintiff has an adequate opportunity in the state-court proceedings to raise his constitutional challenges. "Abstention is appropriate unless state law clearly bars the interposition of the constitutional claims." *See Squire*, 469 F.3d at 556. To that end, the Sixth Circuit has found that the "plaintiff bears the burden of showing that state law barred the presentation of his or her constitutional claims." *See id.*; *Furr-Barry v. Underwood*, 59 F. App'x 796, 797–798 (6th Cir. 2003) (affirming district court's application of *Younger,* in part because there was no evidence that plaintiff could not raise constitutional claims in pending juvenile court proceedings).

In his response, Plaintiff argues that he is unable to raise his constitutional claims in the ongoing Juvenile Court proceedings because there are no further "actions scheduled," and a verdict has not yet been returned. (Doc. No. 97 at 13–14). The Supreme Court, however, has made clear that when a plaintiff seeks to avoid application of *Younger* abstention due to a lack of opportunity

to raise constitutional claims, he must show that he attempted to raise his constitutional claims in the related state-court proceedings.[10] *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Indeed, in *Pennzoil*, Texaco, arguing against the application of *Younger*, alleged that "no Texas court could have heard [its] constitutional claims within the limited time available to Texaco." *See id.* at 14. The Court, however, found that "when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *See id.* at 15.

Therefore, Plaintiff gets nowhere with his argument that he is now unable to raise his constitutional arguments because he has yet to receive a judgment in the Juvenile Court proceedings. Plaintiff bears the burden of demonstrating that applicable state-law procedures prevented him from raising his constitutional claims during the initial phases of the Juvenile Court proceedings, and he has definitively failed to meet this burden.

Although the Court is satisfied that Plaintiff has failed to meet his burden that he did not have the opportunity to raise his constitutional claims in the Juvenile Court proceedings, the Court also notes that Plaintiff suggests that he in fact *did* raise at least some of his constitutional challenges before the Juvenile Court. In his complaint, Plaintiff states that his attorney (now a defendant in the instant federal action) filed a motion to dismiss on Plaintiff's behalf in the Cannon County Juvenile Court in August 2020, in which Plaintiff alleges lack of procedural due process. (Doc. No. 1 at 17–18). Therefore, Plaintiff's pleadings undermine his allegation that he is unable to raise his constitutional claims in the Juvenile Court, or at least would have been procedurally

---

[10] This rule makes sense. If a plaintiff were permitted to prevent the fulfillment of the third *Younger* requirement by voluntarily failing to raise his constitutional claims in an appropriate state forum, only then to request that they be heard in a federal forum while parallel state-court proceedings are pending, then the principles of *Younger* would stand to be entirely undermined by a calculating litigant.

barred from doing so. In fact, to the extent that Plaintiff decides to appeal the forthcoming final judgment, his constitutional claims raised in his motion to dismiss will likely to be cognizable on appeal.

Therefore, all three requirements for *Younger* abstention have been satisfied. When all three requirements for *Younger* are fulfilled, a court is faced with the decision of whether to stay the federal action during the pendency of the state action or instead to dismiss Plaintiff's claims without prejudice. In cases where a plaintiff brings § 1983 claims for damages in federal court but the federal court finds that *Younger* applies, federal courts generally favor a stay of the federal proceedings over dismissal. *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075–1076 (6th Cir. 1998) (directing that "in the interests of caution," the case (involving a claim for damages under § 1983 that was subject to *Younger* abstention) be remanded with instructions to the district court to stay the federal proceedings to protect plaintiff from possible statute-of-limitations issues she may face if her claims instead were dismissed); *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (staying rather than dismissing plaintiff's claims for damages under § 1983, which were subject to *Younger* abstention on the grounds that a stay "preserves the state's interests in its own procedures, the federal plaintiff's opportunity to seek compensation in the forum of his choice, and an appropriate balance of federal-state jurisdiction."). And in fact, in requesting the application of *Younger* abstention, State Defendants ask first for the Court to stay the case, and then alternative, to dismiss the claims against State Defendants. (Doc. No. 75 at 11–12). For these reasons, the Court finds that a stay of the entire federal action is appropriate rather than dismissal without prejudice.

The Court acknowledges that only the motions to dismiss at Doc. No. 75 and 55 either directly or indirectly raise the issue of *Younger* abstention. However, all of Plaintiff's claims in

the federal action overlap with the related-state proceedings. Therefore, a stay of the entire case is warranted, and the Court declines to resolve the merits of the remaining motions to dismiss given that it is abstaining from exercising jurisdiction under *Younger* at this time.

## CONCLUSION

For the reasons discussed herein the motion to dismiss at Doc. No. 74 is GRANTED in part and DENIED in part without prejudice. It is granted insofar as it requests a stay of this action based on *Younger* abstention, and it is denied without prejudice subject to refiling at the resolution of the related ongoing state-court proceedings.

This action is hereby STAYED until resolution of the related ongoing state-court proceedings in Cannon County Juvenile Court.

In light of the stay, the Clerk SHALL administratively terminate the motions to dismiss at Doc. Nos. 55, 63, 65, 71, and the parties shall be permitted to refile at the resolution of the related ongoing state-court proceedings if appropriate.

The Clerk SHALL administratively close this case, and the parties shall notify the Court upon the resolution of the state-court proceedings, at which point case may be re-opened if appropriate.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE