IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROY ALLEN CARTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:22-cv-00247 ) ) JUDGE RICHARDSON |
| TENNESSEE DEPARTMENT OF CHILDREN'S SERVICES, *et al.*, | ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM OPINION AND ORDER

Plaintiff Roy Allen Carter brings this pro se action under 42 U.S.C. § 1983, alleging violations of his civil rights. (Doc. No. 1).

On June 27, 2025, Plaintiff filed a Motion for Emergency Temporary Restraining Order ["TRO"] and Preliminary Injunction ("TRO Motion") (Doc. No. 110). On August 13, 2025, the Court entered an order (Doc. No. 132) denying the TRO Motion in full. Specifically, the Court denied the TRO Motion's request for a TRO to procedural deficiencies. (Doc. No. 132 at PageID# 1070-72). And the Court denied the TRO Motion's request for a preliminary injunction because state-court proceedings were still pending. (Doc. No. 132 at PageID# 1075-77).

Now before the Court is Plaintiff's "Motion for Reconsideration and Renewed Motion for Temporary Restraining Order and Preliminary Injunction" ("Motion for Reconsideration") (Doc. No. 133) and Plaintiff's Supplemental Motion for Injunctive Relief ("Supplemental Motion") (Doc. No. 136).

In Plaintiff's Motion for Reconsideration, Plaintiff asks this Court to reconsider its denial of the TRO Motion as set forth in the Court's Memorandum Opinion and Order (Doc. No. 132) entered on August 13, 2025, as well as its denial of Plaintiff's Motion to Lift Stay and for

Resumption of Federal Proceedings ("Motion to Lift Stay") (Doc. No. 108) and Plaintiff's Motion for Leave to Exceed Page Limit for Reply ("Motion for Leave") (Doc. No. 126). (Doc. No. 133 at PageID# 1081-82). Plaintiff again requests that this Court issue a temporary restraining order and preliminary injunction, or, in the alternative, grant certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (*Id.*).

In Plaintiff's Supplemental Motion, Plaintiff requests that this Court incorporate Doc. Nos. 135-2 through 135-6 into the record; consider those exhibits as support for Plaintiff's Motion for Reconsideration; enjoin Defendants from proceeding with various state-court processes; declare the August 2020 no-contact order unenforceable or void ab initio; and "[r]eserve Plaintiff's right to amend the Complaint pursuant to Fed. R. Civ. P. 15 in light of . . . new records and ongoing concealment." (Doc. No. 136 at PageID# 1151).

Plaintiff's Motion for Reconsideration (Doc. No. 133) of Plaintiff's TRO Motion (Doc. No. 110) will be granted in part and denied in part. Plaintiff's Motion for Reconsideration as to the denial of the request for a TRO and preliminary injunction will be denied. Plaintiff's requests as to both his Motion to Lift Stay (Doc. No. 108) and his Motion for Leave (Doc. No. 126) will be denied. Plaintiff's Supplemental Motion (Doc. No. 136) will be denied.

## I. REQUEST FOR TRO

Plaintiff has cured the deficiencies of the TRO as outlined in the Court's prior Memorandum Opinion and Order (Doc. No. 132). Plaintiff's Motion for Reconsideration as to the denial of the request for a TRO on procedural grounds therefore will be granted in part for that reason.

Because the procedural deficiencies have been corrected, Plaintiff asks that this Court now consider Plaintiff's request for a TRO on the merits. (Doc. No. 134 at PageID# 1093). The Court

will do so. But the request for a TRO cannot be granted on the merits, for the reasons set forth below.

In its Memorandum Opinion and Order (Doc. No. 132) entered on August 13, 2025, the Court determined that Plaintiff's state-court proceedings were still pending as Plaintiff has an open case in the Tennessee Court of Appeals regarding the same state-court proceedings at issue in the instant case. (*Id*. at PageID# 1069-70). The Tennessee Court of Appeals has since issued a decision, and the parties have 60 days from the date of issuance of the appellate court's opinion to appeal the decision to the Tennessee Supreme Court, if so desired.[1] (*Id*. at PageID# 1070).

Plaintiff insists that the Court's analysis as to the 60-day period constitutes "legal error," and states "[the Court's] conclusion is inconsistent with established precedent on the scope of Younger[2] abstention and the exhaustion of state remedies." (Doc. No. 134 at PageID# 1093). Plaintiff argues the state proceedings are no longer pending, and states, "The remaining 60-day window to seek discretionary review in the Tennessee Supreme Court is not part of the appellate process of right and cannot be used to prolong abstention beyond its intended limits under *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999), and *Alexander v. Rosen*, 804 F.3d 1203 (6th Cir. 2015)." (*Id*. at PageID# 1090-91). Plaintiff also cites to *Castille v. Peoples*, 489 U.S. 346 (1989) to support his argument. (*Id*. at PageID# 1094).

The three cases mentioned above form the crux of Plaintiff's argument. However, none of the cases are on point. Both *O'Sullivan* and *Castille* are habeas corpus cases concerning the

---

[1] The Tennessee Court of Appeals issued its decision on July 18, 2025. (Doc. No. 132 at PageID# 1070). The date on which the 60-day window expires is September 16, 2025.

[2] The concept of "Younger abstention" refers to such as described in *Younger v. Harris*, 401 U.S. 37 (1971).

exhaustion of state remedies as it relates to prisoner rights. The third case on which Plaintiff relies, *Alexander v. Rosen*, does not support Plaintiff's argument.

Plaintiff's argument focuses on the difference between the "appellate process of right" versus discretionary review. When it comes to federal court abstention, Sixth Circuit caselaw makes no distinctions between appeals as a matter of right and discretionary appeals. In *Loch v. Watkins*, 337 F.3d 574 (6th Cir. 2003), for example, the Sixth Circuit explained that, "when determining whether state court proceedings involving [a plaintiff] are pending, we look to see if the state court proceeding was pending at the time the federal complaint was filed." *Id.* at 578. A state-court proceeding is pending, the Court continued, "until a litigant has exhausted his state appellate remedies." *Id*.

At least one sister court has elucidated when state proceedings are considered final in this context. In *Smith v Dewine*, No. 2:14-CV-198, 2014 WL 2442215, at *1 (S.D. Ohio May 30, 2014), the plaintiff filed a motion for a temporary restraining order and preliminary injunction regarding a state-court order granting shared custody of her daughter with a third party. The plaintiff filed the motion while an appeal to the United States Supreme Court regarding this order was pending. The court first noted that a "court should not consider [a] plaintiff's constitutional claims until their resolution, in the context of the state proceedings, is final." *Id*. at *2 (quoting *Dostert v. Neely*, 498 F. Supp. 1144, 1152 (D.C. W.Va. 1980)). [3] The court then explained what it meant by "final":

---

[3] This Court declines to hold that a plaintiff must take his or her case to the United State Supreme Court prior to a federal court ever refraining from abstaining. However, *Smith* reflects, in general, federal courts' hesitation to intrude on state-court proceedings even when the case has already been through a number of state-court channels. "This reasoning tracks the analysis of other courts and recognizes that exercising jurisdiction before the state proceedings are truly finalized would risk a situation in which a reversal and remand would provide for a state court proceeding concurrent with a federal proceeding, both of which turn on the same constitutional issue." *Smith*, 2014 WL 2442215, at *2 (citing *Hicks v. Miranda*, 422 U.S. 332, 350 n. 18 (1975) (*Younger* case including United States Supreme Court appeal as part of the process)).

a "federal district court 'must abstain until the opportunity for review of the highest state court's decision in the United States Supreme Court no longer exists, unless, of course, one of the exceptions to the *Younger* doctrine applies.'" *Id*. Because the plaintiff in *Smith* was awaiting the decision of the Supreme Court on her appeal, the court was required to abstain unless one of the *Younger* exceptions applied. Finding that none of the exceptions applied, the court denied her motion, abstained from exercising jurisdiction, and dismissed the case. The Court finds the reasoning of the *Smith* court to be persuasive and consistent with the Sixth Circuit's holding in *Loch*.

> There are three recognized exceptions to *Younger* abstention:
>
> (1) where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) where "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); and (3) where there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975).

*Doe v. Lee*, No. 3:20-cv-00610, 2020 WL 4926607, at *3 (M.D. Tenn. August 21, 2020). The exceptions have historically been interpreted narrowly by both the Supreme Court and the Sixth Circuit, and the burden is on the plaintiff to demonstrate the existence of at least one of the exceptions to the *Younger* abstention doctrine, if applicable. *Id*. (citing *Gorenc v. City of Westland*, 72 F. App'x 336, 338-39 (6th Cir. 2003); *Squire v. Coughlan*, 469 F.3d 551, 552 (6th Cir. 2006)).

Plaintiff argues that all three exceptions of the *Younger* doctrine apply. Plaintiff insists bad faith exists because, according to Plaintiff, his preliminary hearing was waived without his consent, the clerk of the state court has obstructed his filings and certified mail, and there exists "procedural manipulation." (Doc. No. 134 at PageID# 1103-04). Plaintiff further argues there exists "[f]lagrantly [u]nconstitutional [p]rocess" in that the state court systematically denied Plaintiff's fundamental rights, and Plaintiff alleges the forging of court documents; challenges the

removal of his children from his care, custody, and control; and alleges exculpatory medical evidence was withheld from the state court relating to the removal of his children from his custody. (*Id*. at PageID# 1104). Lastly, Plaintiff alleges there is "[n]o [a]dequate [s]tate [f]orum," claiming there have been various administrative and procedural deficiencies in the appellate court's process, thereby seemingly asserting the need for immediate equitable relief. (*Id*. at PageID# 1104-05).

Plaintiff has not met the burden of demonstrating that at least one of the exceptions to the *Younger* abstention doctrine applies in this case. The items Plaintiff provides to the Court as attachments to Doc. No. 128 do not, in and of themselves, substantiate Plaintiff's arguments, and unsubstantiated allegations do not suffice. Furthermore, as explained above, Plaintiff continues to have the ability to bring his arguments within the state-court process. Therefore, it cannot be said that there is a need for immediate relief through the federal district courts at this time.

For those reasons, and for the reasons already stated in the Court's Memorandum Opinion & Order (Doc. No. 132), Plaintiff's renewed request for the Court to issue a temporary restraining order will be denied. Consequently, Plaintiff's request for the Court to issue an *ex parte* temporary restraining order will also be denied.

## II. REQUEST FOR PRELIMINARY INJUNCTION

Plaintiff requests the Court issue a "Preliminary Injunction maintaining the above relief during the pendency of this action to preserve the status quo and prevent irreparable harm." (Doc. No. 134 at PageID# 1108) (emphasis omitted). Plaintiff's request for a preliminary injunction is nothing more than a regurgitation of Plaintiff's request made in his TRO Motion (Doc. No. 110) as Plaintiff again asks that this Court interfere with state proceedings that are pending. (Doc. Nos. 133 & 134). Because the Court has already opined on this issue in its Memorandum Opinion &

Order (Doc. No. 132), the Court will not duplicate its opinion here. Plaintiff's request for a preliminary injunction will be denied.

### III. NOTICE OF FILING EXHIBITS R1-R5 AND PLAINTIFF'S SUPPLEMENTAL MOTION FOR INJUNCTIVE RELIEF

Plaintiff filed a Notice of Filing Exhibits R1-R5 ("Notice") (Doc. No. 135) and attached exhibits (Doc. Nos. 135-1 through 135-6) on August 27, 2025, in further support of his Motion for Reconsideration and to illustrate a "coordinated conspiracy [by Defendants] to suppress Plaintiff's constitutional rights." (Doc. No. 135 at PageID# 1118). Plaintiff states he filed his Notice because "Defendants themselves raised the August 2020 'no-contact order' in their responses to Plaintiff's Motion to Lift Stay and Emergency TRO/PI, citing its existence as justification for continued abstention." (*Id*. at PageID# 1110). Plaintiff further states he filed the Notice and its exhibits to provide the Court with an accurate record because "Defendants cited this [no-contact] order as a justification for continued abstention, while simultaneously withholding the actual document from the record." (*Id*. at PageID# 1110-11). The Court has reviewed Plaintiff's Notice and its attached exhibits. Because Plaintiff's Notice and exhibits likewise reflect a desire for the Court to influence Plaintiff's state-court proceedings, the Court's analysis as to Plaintiff's requests for relief remains unchanged.

In Plaintiff's Supplemental Motion, Plaintiff requests that this Court "Incorporate Exhibits R1-R5 into the record; Consider these Exhibits as supplemental support for the pending TRO/PI [Doc. Nos. 133-134];[4] Grant immediate injunctive relief enjoining Defendants from proceeding with adoption, termination, or further enforcement of the no-contact order until this Court rules on

---

[4] As to Plaintiff's request that the Court incorporate Exhibits R1-R5 into the record and consider those exhibits as supplemental support for the pending Motion for Reconsideration, the Court has considered those materials submitted by Plaintiff.

the merits of Plaintiff's federal claims; Declare the August 2020 no-contact order unenforceable or void ab initio as the product of fraud, irregular process, and possibly forgery; and Reserve Plaintiff's right to amend the Complaint pursuant to Fed. R. Civ. P. 15 in light of these new records and ongoing concealment." (Doc. No. 136 at PageID# 1151).

To the extent that Plaintiff requests this Court interfere with the state-court process, specifically by granting "immediate injunctive relief enjoining Defendants from proceeding with adoption, termination, or further enforcement of the no-contact order . . . [and] . . . [d]eclare the August 2020 no-contact order unenforceable or void ab initio . . . ," the Court declines to do so for the aforementioned reasons and pursuant to *Younger*.

As to Plaintiff's request to "[r]eserve [his] right to amend the Complaint pursuant to Fed. R. Civ. P. 15 . . . ," Plaintiff may renew his request by separate motion to be handled by the Magistrate Judge on referral.

On the other hand, Plaintiff is admonished that the Court would be well within its prerogative to refuse to countenance filings that are made as part of sort of a rolling filing process in support of some prior request for relief. The way the court system works, a party does not have a right to just keep filing things, whenever the party wants, in further support of some pending request for relief.

### IV. MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL

Plaintiff asks this Court, in the event of a ruling against Plaintiff, to certify its ruling for interlocutory appeal. (Doc. No. 133 at PageID# 1081). Plaintiff argues, "The applicability of *Younger* abstention during the 60-day . . . period [following the appellate court's decision] . . . presents a controlling question of law over which there is substantial ground for difference of

opinion. Immediate appellate review would materially advance the termination of this litigation and prevent irreparable harm . . . ." (*Id.*).

For an interlocutory appeal to be appropriate, "a district judge . . . shall be of the opinion that such order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Review under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 349 (6th Cir. 2002). "The party seeking an interlocutory appeal has the burden of showing exceptional circumstances exist warranting an interlocutory appeal." *Lofgren v. Polaris Indus. Inc.*, 526 F. Supp. 3d 322, 326 (M.D. Tenn. Mar. 16, 2021) (quoting *Gieringer v. Cincinnati Ins. Cos.*, No. 3:08-CV-267, 2010 WL 2572054, at *2 (E.D. Tenn. June 18, 2010)). Even when the statutory criteria are met, district court judges are given wide discretion to deny the requested certification. *Lofgren*, 526 F. Supp. 3d at 326 (citing *Wang v. Gen. Motors, LLC*, No. CV 18-10347, 2019 WL 1950185, at *1 (E.D. Mich. May 2, 2019)).

A. CONTROLLING QUESTION OF LAW

Regarding the first statutory requirement, ". . . there are actually two requirements within what this Court (and most others) has labeled as § 1292(b)'s first element: (1) The question involved must be one of law; and (2) it must be controlling." *Lofgren*, 526 F. Supp. 3d at 326 (quoting *U.S. ex rel. Elliott v. Brickman Grp. Ltd., LLC*, 845 F. Supp. 2d 858, 865 (S.D. Ohio 2012)). There is low bar set by the Sixth Circuit for a "determination that a question of law is 'controlling' in the context of a motion for certification under § 1292(b)." *Lofgren*, 526 F. Supp. 3d at 326 (quoting *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 875-76 (E.D. Mich. 2012)).

A controlling legal issue is one with the ability to materially affect the outcome of the case at issue. *Lofgren*, 526 F. Supp. 3d at 326.

The Court does not dispute that this case involves a controlling question of law. The Court's decision as to the question presented here – whether the Court should continue to stay the case and abstain – has the ability to materially affect the outcome of this case. Furthermore, it is at least arguably a question of law (or perhaps, to be more precise, a so-called mixed question of fact and law, which tends to be ultimately considered a question of law) as it pertains to the legal principle of abstention concerning the Court's role in potentially interfering with state process.

Therefore, the Court finds that the first statutory requirement is met in this case. However, the remaining two statutory requirements are not met, for the reasons set forth below.

B. SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION

The Sixth Circuit provides clarity as to what exactly is meant by "substantial ground for difference of opinion," stating:

> District courts in this circuit have interpreted a "substantial ground for difference of opinion … regarding the correctness of the decision" to mean when "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question."

*In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (quoting *City of Dearborn v. Comcast of Mich. III, Inc.*, No. 08-10156, 2008 WL 5084203, at *3 (E.D. Mich. Nov. 24, 2008) (cleaned up)). "Disagreement with the Court is not a sufficient reason to certify this [case] for appeal to the Sixth Circuit." *Lofgren*, 526 F. Supp. 3d at 330 (citing *Gieringer*, 2010 WL 2572054, at *3).

The Court does not find that any of the situations described in *Miedzianowski* apply. As noted in the Court's Memorandum Opinion and Order entered on February 15, 2023, the Sixth Circuit is very clear regarding federal court abstention from state-court proceedings pursuant to

*Younger* and regarding the applicability in civil contexts of such abstention. *Doe v. Univ. of Kentucky*, 860 F.3d 365, 368 (6th Cir. 2017) ("*Younger* abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity."); *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006) ("*Younger* abstention requires the federal court to defer to the state proceeding."); *Moore v. Sims*, 442 U.S. 415, 423 (1979) (*Younger* principles apply with equal force to pending state court civil proceedings that involve state interests).

Therefore, the Court finds that the second statutory requirement is not met in this case.

C. <u>MATERIALLY ADVANCE ULTIMATE TERMINATION OF LITIGATION</u>

Interlocutory appeal is "most appropriate early in the proceedings . . . ." *T.C. on Behalf of S.C. v. Metro. Gov't of Nashville & Davidson Cnty., Tennessee*, No. 3:17-CV-01098, 2019 WL 13128592, at *2 (M.D. Tenn. June 11, 2019) (quoting *In re James River Coal Co.*, 2006 WL 3761965, at *3 (M.D. Tenn. 2006)). This matter has been pending before the Court since 2022. The parties have already completed the briefing of multiple motions, and the case has been stayed since February of 2023 until resolution of the related ongoing state-court proceedings. (Doc. No. 101 at PageID# 485). Furthermore, the decision of the appellate court was issued on July 18, 2025, setting the 60-day period to expire on September 16, 2025. This fact, along with "the length of time this matter has been pending . . . counsel against granting [Plaintiff's request]." *Lofgren*, 526 F. Supp. 3d at 330. Therefore, the Court does not find the third statutory requirement is met.

For the reasons stated above, Plaintiff's request for certification of this Order for interlocutory appeal will be denied.

## V. CONCLUSION

Plaintiff's Motion for Reconsideration (Doc. No. 133) as to Plaintiff's TRO Motion (Doc. No. 110) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Plaintiff's request that the Court now consider his request for a TRO on the merits is GRANTED. But Plaintiff's request for the Court to issue an *ex parte* TRO is DENIED (on the merits), and Plaintiff's request for a preliminary injunction (Doc. No. 110) is DENIED.

Consequently, Plaintiff's request that the Court reconsider its denial of Plaintiff's Motion to Lift Stay (Doc. No. 108) and Motion for Leave (Doc. No. 126) is **DENIED**.

Plaintiff's Supplemental Motion (Doc. No. 136) is **DENIED**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE