UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |
|---|---|
| ROY ALLEN CARTER,<br>　　　Plaintiff,<br><br>v.<br><br>TENNESSEE DEPARTMENT OF<br>CHILDREN'S SERVICES et al.,<br>　　　Defendants. | Case No. 3:22-cv-00247<br><br>Judge Eli J. Richardson<br>Magistrate Judge Luke A. Evans |

## **MEMORANDUM ORDER**

Plaintiff Roy Allen Carter (Carter) has filed motions for leave to file an amended complaint (Doc. No. 146) and for a schedule regarding the amendment of his complaint (Doc. No. 139). Carter requested leave to amend within 21 days of service of defendant Cannon County Juvenile Court's motion to dismiss (Doc. No. 145). If Carter had filed an amended complaint instead of requesting leave then he would have had the right to do so as a matter of course under Rule 15(a)(1)(B) because prior motions to dismiss had not been adjudicated and because he has not yet invoked his one chance at amendment under that rule. *See, e.g., Mutters-Edelman v. Abernathy*, No. 120CV02455STACGC, 2021 WL 6803711, at *1 (W.D. Tenn. Mar. 19, 2021) (one amendment under the rule), *report and recommendation adopted*, No. 1:20-2455-STA-CGC, 2021 WL 6803710 (W.D. Tenn. Apr. 8, 2021); *Prakash v. Atladis U.S.A., Inc.*, No. 5:10-CV-33, 2010 WL 2653419, at *2 (N.D. Ohio July 2, 2010) (same). Because Carter is proceeding pro se, the Court will allow him the benefit of Rule 15(a)(1)(B). *Cf. Young v. FedEx Emps. Credit Ass'n*, No. 19-CV-2313-TLP-TMP, 2019 WL 7669173, at *1 (W.D. Tenn. Sept. 17, 2019) (allowing pro se plaintiff the benefit of Rule 15(a)(1)(B) where she filed a timely motion to amend), *report and recommendation adopted sub nom. Young v. FedEx Emps. Credit Assoc.*, No. 219CV02313, 2019

WL 5268564 (W.D. Tenn. Oct. 17, 2019); *United States v. Boyd*, No. 04-80391, 2011 WL 318112, at *1 (E.D. Mich. Jan. 31, 2011) (allowing pro se plaintiff the benefit of Rule 15(a)(1)(B) because "[d]efendant, who proceeds pro se, will not be penalized for taking the further step of timely moving for leave to amend").

Accordingly, the Court GRANTS Carter's request for leave to amend (Doc. No. 146). The Court also DENIES[1] the pending motion to dismiss (Doc. No. 145) but WITHOUT PREJUDICE to renewal in response to the amended complaint.

The Court also GRANTS Carter's motion (Doc. No. 139) for a schedule and sets the following schedule for his amended complaint and for anticipated renewed motions:

1) Carter will file an amended complaint on or before **May 12, 2026**.

2) Defendants will answer or otherwise respond to the amended complaint on or before **June 12, 2026**.

3) Carter will file responses to any renewed motions on or before **June 29, 2026**.

4) Any optional reply papers will be filed on or before **July 10, 2026**.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge

---

[1] The Court has concluded that a non-dispositive resolution to the motion is appropriate, given the denial without prejudice. Under the circumstances here, because the "penalty to be imposed, rather than the penalty sought by the movant" controls magistrate judge authority, *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995), the Court is proceeding by order rather than by report and recommendation. *Cf. Fowler v. Tenth Planet, Inc.*, 673 F. Supp. 3d 763, 768 (D. Md. 2023) (standard of review for Rule 37 dismissal sanction "is governed by the result the Magistrate Judge determines") (citations omitted); *Edwards v. DeBord*, No. 7:18-CV-00423, 2021 WL 5827324, at *3 (W.D. Va. Dec. 8, 2021) (same) (citations omitted).

2